# STATE, EX REL. HARRISON, v. STATE BOARD OF LAND COMMISSIONERS.

Public Lands of State—Renewal of Lease—Reclamation by Lessee.

1.   Where a lessee of state lands is entitled to a renewal of his lease on the ground of the reclamation of the land by irrigation, under Section 815, Revised Statutes, he is entitled to such renewal at the same rental as that stipulated in the original lease under which the reclamation occurred.

[Decided July 23, 1902.]

Original proceeding on mandamus.

This suit was instituted in the Supreme Court on the relation of Frank O. Harrison for a writ of mandamus to require the State Board of Land Commissioners to issue to him a lease of state lands in renewal of a former lease, and at the same rental. The right of renewal was based upon the fact that the said lessee had reclaimed the land by irrigation.

*N. E. Corthell,* for relator.

*J. A. Van Orsdel,* Attorney General, for respondent.

Potter, Chief Justice.

The relator, Frank O. Harrison, asks the aid of the writ of mandamus to require the Board of Land Commissioners to issue to him a lease of certain state lands for the period of five years in renewal of a former lease, and at the same rental and upon the same terms and conditons as such former lease.

There is no disputed question of fact between the parties. The case was submitted upon an agreed statement of facts. It appears therefrom that January 17, 1896, the board entered into a lease with Harrison for said lands covering the period of five years thereafter, and that the annual rental

was paid by the lessee, who also complied with the other conditions of the lease. Prior to the expiration of the lease, viz., December 1, 1900, the lessee filed an application for a new lease, and the board proceeded to place a valuation upon the lands in excess of that fixed at the time of the original lease, and to increase the annual rental accordingly. Thereafter the lessee made proof that prior to the expiration of his lease he had reclaimed all the lands by irrigation, had provided suitable ditches for the full and complete reclamation thereof, and had secured an adequate and perpetual water supply for said lands, which irrigation and cultivation and the raising of crops of hay and grass thereon had been continued; and by way of amendment to his application, the relator applied for a renewal of his lease for the term of five years, under the provisions of Section 815, Revised Statutes. The board declined to recognize the relator's right to such renewal, except upon the basis of the new valuation, and refused to issue a new lease at the same rental as that fixed by the former lease.

The right of the relator to a renewal of his lease, as provided by Section 815, in the case of the reclamation of the leased lands by the lessee, is conceded, but it is denied that the lessee in such cases is entitled to a renewal at the same rental as that stipulated in the original lease; and this is the only question in dispute.

In the case of Cooper v. McCormick (decided at the present term) we had occasion to examine and construe Section 815 in regard to certain particulars. The object and intention of the statute was discussed at length in the opinion in that case, and we need not repeat the discussion here.

In ordinary cases where no question of reclamation is involved the right of renewal of a lease of state lands is made dependent upon the lessee and board agreeing as to the valuation of the land. (Rev. Stat., Sec. 812.) The absence of such a provision from Section 815 is significant. The latter section refers to a peculiar or special class of

cases, and as if to emphasize the intention expressed therein, it is declared that, in a case coming within the provisions of the section, "the power given to the board to refuse to renew, or lease, to sell the state lands at the expiration of a lease, or again to lease to other parties than to the original lessee, shall not apply." But in such a case it is provided that the original lessee shall have the right to renew such lease for a term of five years, which renewal may be repeated for the same period five years thereafter, and may again be repeated for the same period ten years thereafter, making a total period not to exceed twenty years. Nothing is said as to valuation or rental.

It is evident that it was not intended that the enhanced value of the land resulting from the reclamation through the efforts of the lessee should be considered in fixing a valuation as a basis for the annual rental; and we think it also reasonably clear that it was not intended that the absolute right of renewal conferred by the statute was to be dependent upon the willingness of the lessee to accede to the demand of the board for an increased rental. It should be assumed, we think, that the board in fixing the valuation and rental at the time the original lease was made, did so in view of the then existing conditions, and with a proper regard for the interests of the State. At least, we are satisfied that the statute under consideration proceeds upon some such assumption. Under Section 812, new conditions, an increased demand and the like may well require the board to place a higher valuation upon land, and exact an increased rental as a condition of renewal. But we think Section 815 rests upon a different theory. The privilege of renewal under that section is one that is to be earned. The land is to be rendered more valuable by the expenditure of effort and money on the part of the lessee, and in our judgment the section contemplates a renewal upon the same terms as the original lease.

Such being our construction of the statute, the relator is

entitled to a renewal of his lease at the same rental as that stipulated in his original lease, and the writ prayed for will be allowed.                                *Writ allowed.*

CORN, J., and KNIGHT, J., concur.